UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOLLY PIERCEALL | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| | ) |
| ESOLUTIONS, INC. AND | ) |
| DAVID VOORHEES | ) |
| | ) |
|       **Defendants.** | ) |

## COMPLAINT

Plaintiff complains against the above-named Defendants as follows:

**I.**     **THE PARTIES.**

1. Plaintiff is a citizen of the United States and resident of Jackson County, Missouri.

2. Defendant eSolutions, Inc. ("eSolutions") was registered and doing business in the state of Kansas during the relevant time period.

3. Defendant David Voorhees was eSolutions' Vice President of Human Resources and Talent, and engaged in activities on behalf of eSolutions in Kansas during the relevant time period.

**II.**     **JURISDICTION AND VENUE.**

4. The jurisdiction of the federal court is invoked because Plaintiff's claims arise under the statutes and laws of the United States, 42 U.S.C. Section 2000e et seq., the Americans with Disabilities Act, as amended in 2008 ("ADA"/ADAAA")

and the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq. and Title VII of the Civil Rights act of 1964.

5. Venue in the United States District Court for the District of Kansas is proper because Kansas is where the claims arose.

### III.   STATEMENT OF FACTS.

6. Plaintiff was employed by eSolutions in Overland Park, Kansas as a Sales Representative and commenced her employment in February 2016.

7. Defendant eSolutions employs at least 50 individuals within a 75-mile radius of the Overland Park location at which Plaintiff worked during the time she was employed by eSolutions.

8. Defendant eSolutions is an entity covered by the Family and Medical Leave Act in that it employs the requisite number of people as set forth by the FMLA.

9. Defendant David Voorhees, during the relevant period, was responsible for overseeing and ensuring Defendant eSolutions complied with the requirements of the FMLA.

10. In June 2017, Plaintiff began suffering health related symptoms that flared up in a way that required her to miss work.

11. Plaintiff sought treatment for those symptoms in approximately the same timeframe.

12. Plaintiff's physician diagnosed her as suffering from health conditions that limited her ability to concentrate and her ability to work and therefore

recommended Plaintiff seek accommodations from eSolutions in the form of an option to work from home, and if that was not an option, then to take a leave of absence from work.

13. Plaintiff believed that her request to work from home would be granted because Chris Goodwin, a male Sales Representative, had been allowed to work from home for reasons unrelated to an underlying disability.

14. Plaintiff's request to work from home was denied by supervisor Troy Terry who claimed that "we do not offer the option to work from home."

15. Plaintiff was, in the same response, directed to contact the Human Resources Department for eSolutions.

16. At the time of her request for medical leave, Plaintiff was unfamiliar with the FMLA and did not specifically request leave under the FMLA.

17. However, Plaintiff did provide sufficient information in the paperwork she submitted to Defendants noting the presence of a serious health condition for which Plaintiff's medical provider had recommended a leave of absence from work.

18. After receiving Plaintiff's request for medical leave, Defendant David Voorhees failed to give Plaintiff the FMLA notices which are required to be given to an employee when he or she requests leave for a reason that may qualify for FMLA leave.

19. The FMLA provides, in part, that individualized notices are to be provided to employees whose leave is necessitated by a serious health condition that may qualify for leave under the FMLA.

20. Defendants failed to provide Plaintiff with an eligibility notice regarding her eligibility to take FMLA leave.

21. Defendants failed to inform Plaintiff that her leave may be for an FMLA qualifying reason.

22. Defendants failed to provide Plaintiff information about her eligibility status.

23. Defendants failed to timely provide a reason for why Plaintiff was not eligible for FMLA leave.

24. Defendants failed to provide Plaintiff a notice discussing her rights and responsibilities under the FMLA.

25. The FMLA rights and responsibilities notice is required to be provided in written form.

26. Defendants failed to request a medical certification from Plaintiff in context with a rights and responsibilities notice.

27. Defendants did not provide a designation notice that informs Plaintiff her leave was designated as an FMLA leave.

28. Defendants did not provide a written notice that Plaintiff's leave does not qualify for FMLA and will not be designated as such.

29. Defendant David Voorhees holds himself out as being a "SHRM-SCP" which indicates he has been certified by the Society of Human Resource Management (SHRM) as a "Senior Certified Professional".

30. Voorhees knew or should have known he had to send the above referenced notices in order for Defendants to comply with the FMLA.

31. Voorhees knew or should have known Plaintiff was entitled to receive individualized notices under the FMLA.

32. At or near the time of Plaintiff's request for an accommodated medical leave, Plaintiff provided medical documentation from her health care provider that described the severity and duration of her impairment and why the requested accommodation was needed.

33. Specifically, on or about June 29, 2017 Plaintiff sent partially completed forms she received from MetLife (the third-party administrator for eSolutions, Inc.) to Voorhees so he could complete the "employer section" and forward it to MetLife for processing.

34. The information that was completed and provided to Voorhees by Plaintiff set forth a physician's certification about Plaintiff's health condition as well as the nature and extent of Plaintiff's disability, which included a reference to Plaintiff's inability to work in light of her health condition.

35. Voorhees forwarded Plaintiff's leave request paperwork to MetLife.

36. MetLife approved Plaintiff's request for Short Term Disability.

37. Plaintiff's leave was initially scheduled to continue through July 31, 2017.

38. In late July 2017 Plaintiff advised Voorhees that her doctor extended her leave through August 28, 2017 but Voorhees advised that Plaintiff was not on a

leave approved by the company and that she (Plaintiff) would need to provide certification paperwork.

39. However, Plaintiff had already been approved by MetLife to receive short term disability benefits based on a request form submitted by Voorhees.

40. As of August 1, 2017, Voorhees had still not provided Plaintiff with any individualized documentation or notices required by the FMLA.

41. In response to Voorhees, Plaintiff advised that she had requested her physician to fax over paperwork to MetLife in order to extend her leave through August 28, 2017 and said she would provide a copy to Voorhees as soon as she had received the information.

42. As a result of Plaintiff's submittal, per communication from MetLife that was dated on or about August 17, 2017, her paid medical leave benefits were extended through August 27, 2017.

43. But by then, according to a letter dated August 15, 2017, Plaintiff was terminated by eSolutions, Inc.

44. At the time of Plaintiff's termination, she had been on leave for less than the maximum 12-week period permitted under the FMLA.

45. In the letter to Plaintiff, David Voorhees advised that Plaintiff was terminated for job abandonment because her "absence has not been approved" and because "we have not received corresponding documentation."

46. Defendants knew or should have known that, at the time they fired Plaintiff, that such a termination violated Plaintiff's FMLA rights, and that they had otherwise failed to comply with the FMLA as to Plaintiff's medical leave.

### COUNT I - DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ADAA AGAINST ESOLUTIONS, INC.

47. Plaintiff hereby incorporates the foregoing paragraphs by reference.

48. Plaintiff was an individual who suffered from a disability protected by the ADA.

49. Plaintiff sought a reasonable accommodation by asking if she could receive an accommodation in the form of working from home.

50. Plaintiff sought a reasonable accommodation in the form of company approved medical leave, but she received no such accommodation and was instead fired for taking leave.

51. Defendant failed to engage in a good faith interactive process, including, but not limited to its failure to provide Plaintiff with information about her right to take up to 12 weeks of job protected medical leave.

52. Defendant failed to engage in a good faith interactive process, including, but not limited to its agent's notice to Plaintiff that working from home was not an option.

53. Plaintiff engaged in protected activity by requesting accommodations for her disability.

54. Plaintiff was fired on account of her request for accommodated leave.

55. Plaintiff was fired on account of taking and receiving medical leave.

56. Plaintiff was fired despite having a reasonably foreseeable return to work date, which date was communicated to Defendant shortly before it fired her.

57. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the appropriate time period and filed a complaint within 90 days after receiving her right to sue letter.

58. As such, this action is timely and Plaintiff has exhausted all administrative prerequisites to filing this action.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, loss of reputation, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

60. Defendant's conduct against Plaintiff was intentional and in reckless disregard of her right to be free from discrimination such that Plaintiff is entitled to an award of punitive damages.

61. Plaintiff is entitled to economic damages, emotional distress damages, punitive damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

### COUNT II - GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST ESOLUTIONS, INC.

62. Plaintiff hereby incorporates the foregoing paragraphs by reference.

63. Plaintiff was a female who was treated less favorably than one or more of her male counterparts.

64. Plaintiff sought to receive the same benefits as her male colleague (e.g. to work from home) and was told it was not an option.

65. Defendant illegally discriminated against Plaintiff with regard to the terms and conditions of her employment by denying her equal opportunity and ultimately terminating her employment as a consequence of that denial.

66. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, loss of reputation, suffering, mental anguish, inconvenience, and loss of enjoyment of life.

67. Defendant's conduct against Plaintiff was intentional and in reckless disregard of her right to be free from discrimination such that Plaintiff is entitled to an award of punitive damages.

68. Plaintiff is entitled to economic damages, emotional distress damages, punitive damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

### COUNT III – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT AGAINST BOTH DEFENDANTS.

69. Plaintiff hereby incorporates the foregoing paragraphs by reference.

70. Employees of eSolutions operation in Olathe, Kansas were eligible to take FMLA leave provided they met the statutory requirements for minimum term and hours of employment, and needed to care for their own serious health condition.

71. Plaintiff suffered from several serious health conditions that, in the absence of an option to work-from home, required time off from work.

72. Defendants, though on notice of Plaintiff's need for leave protected under the FMLA, interfered with Plaintiff's rights by refusing to give her FMLA required notices as to her rights, failed to credit her with FMLA leave, refused to return Plaintiff to a substantially similar position, and instead fired Plaintiff before she had even been away from work for more than the minimum time permitted by the FMLA.

73. Defendants retaliated against Plaintiff for invoking her rights protected by the FMLA (e.g. seeking a leave for serious health condition) by terminating her employment.

74. Plaintiff was unable to intelligently invoke and pursue her rights under the FMLA due to Defendants' failures, among other things, to comply with the FMLA in the form of providing individualized notices to her.

75. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income.

76. Defendants knew that Plaintiff was entitled to FMLA leave, but acted willfully in both inhibiting her from receiving full benefits of her FMLA rights and otherwise retaliating against her for exercising her FMLA rights.

77. Plaintiff is entitled to economic damages, liquidated damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment against Defendants for her actual and punitive damages, liquidated damages and interest, in an amount that is fair and reasonable, together with her costs and reasonable attorneys' fees.

## IV. DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## V. DESIGNATION OF PLACE OF TRIAL.

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

Respectfully submitted,

**REAVEY LAW LLC**

By:  /s/ Kevin C. Koc                .
Patrick G. Reavey, KS# 17291
Kevin Koc KS# 24953
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO 64102
Ph: 816.474.6300
Fax: 816.474.6302
Email: preavey@reaveylaw.com
Email: kkoc@reaveylaw.com
Website: www.reaveylaw.com
ATTORNEYS FOR PLAINTIFF